FILED
CLERK, U.S. DISTRICT COURT

08/30/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____AP_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

UNITED STATES OF AMERICA,

            Plaintiff,

            v.

MICKEY SCHULTE,
   aka "Sean Myers,"

            Defendant.

No. SA CR - 8:23-cr-00120-AB

I N D I C T M E N T

[21 U.S.C. §§ 841(a)(1),
(b)(1)(A)(ii), (b)(1)(C):
Possession with Intent to
Distribute Cocaine; 21 U.S.C.
§§ 841(a)(1), (b)(1)(C): Possession
with Intent to Distribute MDMA;
18 U.S.C. § 924(c)(1)(A)(i):
Possession of a Firearm in
Furtherance of a Drug Trafficking
Crime; 18 U.S.C. §§ 922(g)(1),
(g)(9): Prohibited Person in
Possession of Firearms; 18 U.S.C.
§ 924(d)(1), 21 U.S.C. § 853, and
28 U.S.C. § 2461(c): Criminal
Forfeiture]

        The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)]

     On or about August 10, 2023, in Orange County, within the Central District of California, in a vehicle, defendant MICKEY

SCHULTE, also known as "Sean Myers," knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 6,976 grams, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about August 10, 2023, in Orange County, within the Central District of California, in a residence, defendant MICKEY SCHULTE, also known as "Sean Myers," knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about August 10, 2023, in Orange County, within the Central District of California, defendant MICKEY SCHULTE, also known as "Sean Myers," knowingly and intentionally possessed with intent to distribute 3,4-Methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance.

4

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)]

On or about August 10, 2023, in Orange County, within the Central District of California, defendant MICKEY SCHULTE, also known as "Sean Myers," knowingly possessed a Sig Sauer, Model P220, .40 caliber pistol, bearing serial number 37C023371, and a Glock, Model 19, 9mm pistol, bearing serial number BXYV555, in furtherance of, drug trafficking crimes, namely, Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(ii), (b)(1)(C), as charged in Counts One and Two of this Indictment, and Possession with Intent to Distribute MDMA, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Three of this Indictment.

COUNT FIVE

[18 U.S.C. §§ 922(g)(1), (g)(9)]

On or about August 10, 2023, in Orange County, within the Central District of California, defendant MICKEY SCHULTE, also known as "Sean Myers," knowingly possessed the following firearms, in and affecting interstate and foreign commerce:

1.    A Sig Sauer, Model P220, .40 caliber pistol, bearing serial number 37C023371; and

2.    A Glock, Model 19, 9mm pistol, bearing serial number BXYV555.

Defendant SCHULTE possessed such firearms knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Grand Theft from a Person, in violation of California Penal Code Section 487(c), in the Superior Court of the State of California, County of Orange, case number 01NF3186, on or about December 7, 2001;

2.    Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court of the State of California, County of Orange, case number 03NF1119, on or about April 17, 2003;

3.    Burglary, in violation of California Penal Code Section 459-460(b), in the Superior Court of the State of California, County of Orange, case number 03CF1344, on or about June 12, 2003;

4.    Attempted Grand Theft, in violation of California Penal Code Section 664-487(a), in the Superior Court of the State of California, County of Orange, case number 03CF1344, on or about June 12, 2003;

6

5.    Receiving Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court of the State of California, County of Orange, case number 04NF0204, on or about May 7, 2004;

6.    Unlawful Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Orange, case number 05NF0090, on or about January 7, 2005;

7.    Burglary, in violation of California Penal Code Section 459-460(b), in the Superior Court of the State of California, County of Orange, case number 08NF2804, on or about September 8, 2008;

8.    Receiving Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court of the State of California, County of Orange, case number 08NF2804, on or about September 8, 2008;

9.    Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Orange, case number 18NF3276, on or about December 18, 2019;

10.    Possession for Sale of Methamphetamine, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Orange, case number 18NF3276, on or about December 18, 2019;

11.    Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Orange, case number 19WF0636, on or about December 18, 2019; and

12.  Sales and Transportation of Controlled Substance, in violation of California Health and Safety Code Section 11352(a), in the Superior Court of the State of California, County of Orange, case number 19WF0636, on or about December 18, 2019.

Furthermore, defendant SCHULTE possessed such firearms knowing that he had previously been convicted of a misdemeanor crime of domestic violence, namely, Inflicting Corporal Injury to Spouse/Cohabitant, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of Orange, case number 16NF2101, on or about January 11, 2018.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Three of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense.

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense.

(c)  All right, title, and interest in any firearm involved in or used in any such offense, including but not limited to the following:

- A Sig Sauer, Model P220, .40 caliber pistol, bearing serial number 37C023371; and
- A Glock, Model 19, 9mm pistol, bearing serial number BXYV555.

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts Four or Five of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm involved in or used in such offense, including but not limited to the following:

- A Sig Sauer, Model P220, .40 caliber pistol, bearing serial number 37C023371; and

- A Glock, Model 19, 9mm pistol, bearing serial number BXYV555.

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been

11

transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/

Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

JENNIFER L. WAIER
Assistant United States Attorney
Deputy Chief, Santa Ana Branch
Office

JAKE D. NARE
Assistant United States Attorney
Santa Ana Branch Office